2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert TAYLOR, Plaintiff-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE, Defendant-Appellee.
 No. 92-56481.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 7, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Taylor, a native and citizen of Canada, appeals pro se the district court's order denying his petition for naturalization under 8 U.S.C. Sec. 1440 for failure to show good moral character. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Background
 
 
 4
 Taylor is a 47 year old married, citizen of Canada who immigrated to the United States on August 29, 1963 as a lawful permanent resident. Taylor entered the United States military on January 8, 1969, and was honorably discharged from service on December 29, 1970.
 
 
 5
 On August 25, 1989, Taylor was charged with and pleaded guilty to three counts of child molestation. He was convicted and sentenced to six months incarceration. Taylor served three and one half months and was placed on supervised probation for five years.
 
 
 6
 Under 8. U.S.C. Sec. 1251(a)(2)(A)(ii) Taylor's convictions made him amenable to deportation. At a deportation hearing on May 31, 1990, Taylor conceded his deportability. He applied for a waiver of deportability under Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). On June 19, 1990 the immigration judge denied Taylor's section 212(c) application. On April 30, 1993, the Board of Immigration Appeals denied Taylor's request for a waiver of deportability.
 
 
 7
 On January 17, 1991, Taylor filed with the Immigration and Naturalization Service an application to petition for naturalization under 8 U.S.C. Sec. 1440. A naturalization hearing was held on July 21, 1992 in the district court, and on September 29, 1992, the district court denied Taylor's naturalization application.
 
 II
 Merits
 
 8
 Taylor contends that he was eligible for naturalization under 8 U.S.C. Sec. 1440 as a Vietnam-era serviceman and that section 1440 explicitly removes from the court's discretion the weighing of prior acts of immoral behavior against service performed in the United States Armed Forces. Taylor contends further that proof of good moral character is not required under section 1440. These contentions lack merit.
 
 
 9
 Any persons who served honorably in the United States military during the Vietnam War are eligible for naturalization as long as they "comply with the requirements of this subchapter." 8 U.S.C. Sec. 1440(a),(b). In order for a person to be eligible for naturalization under section 1440 that person must be of good moral character. See 8 U.S.C. Sec. 1427(a)(3). The statutory period for which a petitioner must establish good moral character is the period for which the applicant must have resided continuously in the United states. See 8 U.S.C. Sec. 1427(a)(3). "The burden is on the applicant to show his eligibility in every respect." Price v. INS, 941 F.2d 878, 884 (9th Cir.1991) (quoting Berenyi v. INS, 385 U.S. 630, 637 (1967)). Under the Immigration and Nationality Act a person is not of good moral character if that person has been convicted of a crime involving moral turpitude. 8 U.S.C. Secs. 1101(f)(3), 1182(a)(9).
 
 
 10
 Here, the burden was on Taylor to establish that he was eligible for naturalization by establishing good moral character. Taylor pleaded guilty and was convicted of three counts of child molestation on August 25, 1989. At his naturalization hearing Taylor admitted this conviction. Clearly, Taylor has not met his burden of establishing good moral character under the statute. See id. Accordingly the district court did not err by denying Taylor's petition for naturalization. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3